John Dinnie, et al., *vs.* O. H. Johnson.

Opinion filed November 22, 1898.

**Sales—Statute of Frauds.**

Section 3958, Rev. Codes, construed: Where an oral agreement for the sale of goods and chattels of the value of $50 or upward is made, and no part of the agreed price is paid, *held*, that a mere delivery of the goods and chattels as stipulated in the agreement will not alone suffice to validate the contract. In such cases the oral agreement is not validated until there has been a voluntary receipt and acceptance of the goods on the part of the buyer.

**Delivery—Acceptance—Burden of Proof.**

In such cases, where an action is brought against the buyer by the seller for the agreed price of the goods, the seller has the burden, not only to show that the contract of sale was entered into; he must go further, and show that the goods so contracted to be sold were voluntarily received and accepted by the buyer under the contract of sale. The acceptance by the buyer is as vital to the recovery as the existence of the contract to sell.

**Instruction Assuming Facts in Issue.**

Accordingly, *held*, where both the making of the contract and the acceptance of the goods were in issue and controverted by the evidence, that it was prejudicial error to instruct the jury as follows: "Practically, the only issue in the case is the question as to whether there was a contract entered into between these parties."

**Misdirection—Prejudice.**

*Held*, further. that this instruction was an instance of the misdirection of the jury, and was not a mere failure to instruct the jury. The instruction, not being modified elsewhere in the charge, necessarily operated to call the attention of the jury away from the vital question of the receipt and acceptance of the goods by the buyer.

**Insufficiency of Evidence to Sustain Verdict.**

*Held*, further, under the evidence in this case, that the order granting a new trial should, under the evidence, be sustained upon the further ground of the insufficiency of the evidence to sustain the verdict, there being no evidence of the voluntary acceptance of the goods and chattels by the defendant, the buyer.

Appeal from District Court, Pembina County; *Sauter*, J.

Action by John Dinnie and another against O. H. Johnson. There was a judgment for plaintiffs, and from an order granting a new trial plaintiffs appeal.

Affirmed.

*Bangs & Guthrie*, for appellants.

*W. J. Burke*, for respondent.

WALLIN, J. This action was tried to a jury, and resulted in a verdict for the plaintiffs. A motion to vacate the verdict and for a new trial was made, and was based upon affidavits setting out newly-discovered evidence, and upon a statement of the case settled

by the trial court. The defendant's notice of intention to move for a new trial embraced, with other grounds of the motion, the following, namely: First, newly-discovered evidence; second, insufficiency of the evidence to justify the verdict; and, third, errors of law occurring at the trial, and excepted to by the defendant. The only errors of law assigned arose upon exceptions to the instructions given to the jury. The alleged insufficiency of the evidence to justify the verdict, as specified in the statement, is as follows: "First. The defendant specifies, as grounds for vacating the verdict and granting a new trial, insufficiency of the evidence to justify the verdict, for the reasons as follows: (1) The undisputed testimony shows that the brick in controversy were delivered to D. K. Osbourne, and appropriated and used by him, and that the defendant herein had no interest in such brick; (2) for the reason that there is no evidence showing a delivery of any of the brick in controversy to this defendant; (3) for the further reason there is no evidence showing a receipt or acceptance of such brick, or any of them, by this defendant, the undisputed evidence being that there was no written contract or memorandum, and no part payment made; that the contract is within the statute of fraud." The trial court, in its order granting the motion, omitted to disclose the particular ground or grounds upon which the motion was granted; and the record is silent upon this point. When the motion for a new trial came on to be heard in the court below, defendant's counsel appeared, and objected to the hearing of the motion, upon the ground of newly-discovered evidence, and also then moved to strike out the affidavits embracing such evidence. Said motion to strike out the affidavits was predicated upon certain alleged irregularities in practice detailed in the record, which, however, need not be further referred to here, as the case will be disposed of in this Court upon grounds appearing in the statement of the case, and for reasons wholly independent of the facts and matters set forth in said affidavits.

The plaintiffs, at all times in question, were manufacturers of brick at Grand Forks, N. D.; and this action is brought to recover for a quantity of brick which, it is conceded, were, in the summer and fall of 1892, shipped on the cars by plaintiffs, at Grand Forks, to Neche, N. D., and were received at Neche, and there placed in a certain bank building, which building was the property of the Bank of Neche. Defendant, at the time in question, was one of the directors of said bank. It is undisputed that said Bank of Neche entered into a written contract with one D. K. Osbourne, then residing at St. Paul, Minn., whereby the latter agreed to furnish all the material and labor and build said bank building for a stipulated contract price; and that, pursuant thereto, said Osbourne, in the summer and fall of 1892, did build and complete said building under the said contract. The contract between the Bank of Neche and Osbourne was entered into at St. Paul, on the 12th day of April, 1892. It appears that about May 1, 1892, the defend-

ant was at Grand Forks, and there had an interview with the plaintiffs; and the plaintiffs testify that an oral agreement of sale was then and there made between the plaintiffs and defendant, whereby plaintiffs agreed to sell to defendant the brick necessary for said bank building at the price of seven dollars per 1,000, and to deliver the brick on the cars at Grand Forks. This testmony is disputed by the defendant. Defendant testified, in effect, that he never at any time entered into a contract to buy the brick in question. The fact that the brick were shipped to Neche, and were there taken possession of, and placed in the bank building, by the employes of said Osbourne, is conceded; but whether the defendant ever received or accepted the brick was a question vigorously controverted at the trial, and this is one of the decisive issues in the case. No witness testified that the defendant, or any one in his employ, ever took or had manual possession of the brick, or any of them; but the evidence shows that defendant, in whose name the brick were shipped, did, at the request of the station agent at Neche, sign the freight receipts for the brick. Defendant testified, in effect, that he never received nor accepted the brick in any manner. Under this testimony, the question of whether the defendant received or accepted the brick either on the cars, or at Neche, or at all, was clearly a question of fact for the jury. It will be seen later, however, that this question was not submitted to the jury by the trial court.

The instructions of the trial court to the jury, so far as the same are at all material, were as follows: "Gentlemen of the jury, the issue, and practically the only issue, in the case, is the question as to whether there was a contract entered into between these parties at the time they met, in April or May, 1892." Here followed certain instructions and explanations to the jury concerning the statute of frauds, as applied to sales of personal property, and, after giving which, the Court proceeded to charge the jury as follows: "In this action, gentlemen of the jury, the contract, being for more than the sum of $50, comes under the provisions of that statute; and the plaintiffs allege that they are entitled to recover of the defendant by reason of the fact that the buyer,—that is, they claim that Mr. Johnson accepted and received part of the things sold; that is, that he accepted and received the brick which they claim they sold to him. Now, if you find, gentlemen of the jury, by a fair preponderance of the evidence in this case, * * * that the plaintiffs and defendant entered into a contract at the time testified to, whereby the plaintiffs agreed to sell and deliver to Mr. Johnson, and Mr. Johnson agreed to purchase and to accept from the plaintiffs, the brick necessary to the construction of the building at Neche at the agreed price of seven dollars per thousand, then it is your duty to return a verdict for the plaintiffs. On the other hand, if you find the contract to be as set out by the defendant, or the conversation at the time was as detailed by the defendant, and that there was no agreement to pay on the part of Mr. Johnson, or to

receive and pay for the brick, and that the minds of the parties never met, then it will be your duty to return a verdict for the defendant."

Defendant's counsel excepts to various features of these instructions, and particularly to the following language: "Gentlemen of the jury, the issue, and practically the only issue, in the case, is the question as to whether there was a contract entered into between these parties at the time they met, in April or May, 1892." In effect, the jury, by this part of the charge (and it was not modified), were told that there was practically but one question of fact for them to consider, namely, whether the alleged contract of sale was ever made. It is our opinion that this was error, and, further, that the error is one of misdirection, and is not one of mere nondirection. The sole question submitted to the jury was, it is true, a fundamental question of fact; but, manifestly, it could not be the only question of fact for the jury, unless the jury found, as they did not, that the contract alleged was never made. If the jury had found that the contract of sale had never been made, then, and in that event only, would the one question submitted to the jury have been decisive of the case. The complaint alleged, not only a contract for the sale to defendant of a quantity of brick at a stipulated price, but further alleged performance on plaintiffs' part by a delivery of the brick to defendant. These averments were in issue, and, as we have seen, the delivery of the brick to the defendant, and their receipt and acceptance by defendant, were facts directly controverted by the evidence. The delivery of the brick on the cars by the plaintiffs was established by the undisputed evidence, and the fact that the same brick were laid in the walls of the bank building by Osbourne or his employes is also conceded; but, as we have seen, the fact of defendant's receipt and acceptance of the brick so delivered on the cars is not conceded by the defendant, but is, on the contrary, denied in the defendant's answer, and disputed in defendant's testimony.

It is manifest that the trial court's theory of the case was that inasmuch as the delivery on the cars was undisputed, and that the same brick were used in the building, the question of defendant's receipt and acceptance of the brick was eliminated from the case. And this, perhaps, would be a correct view in a simple common-law contract; but this view is erroneous in the case at bar. The contract in question falls within the statute of frauds, and there having been no memorandum in writing evidencing the terms of the contract, and no money paid on the same, the plaintiffs had the burden of showing an actual and voluntary receipt and acceptance of the goods by the buyer. In such cases the original oral contract, within the statute, does not alone pass title; nor does the title to goods pass, until the unconditional receipt and acceptance of the goods. Such receipt and acceptance, when voluntary and unconditional, relate back to, and validate, the oral contract of sale. This contract in the case at bar is within the statute governing sales of personalty for a price exceeding $50 (Rev. Codes, § 3958), and the

case must be governed by the rule of law applied in the following cases: *Stone* v. *Browning,* 51 N. Y. 211; *Caulkins* v. *Hellman,* 47 N. Y. 449; *Taylor* v. *Mueller,* 30 Minn. 343, 15 N. W. Rep. 413; *Rindskopf* v. *De Ruyter,* 39 Mich. 1. And see Browne, St. Frauds, § 138e. In *Taylor* v. *Mueller,* the Court say: "To constitute a binding acceptance, under a contract otherwise invalid by the statute of frauds, there must be some unequivocal act or conduct on the part of the buyer manifesting an intention to accept and appropriate the goods as owner." In *Caulkins* v. *Hellman,* supra, this language occurs in the syllabus: "No act of the vendor alone, in performance of a contract of sale, void by the statute of frauds, can give validity to such a contract. Where no part of the price is paid by the vendee, there must not only be a delivery of goods by the vendor, but a receipt and acceptance of them by the vendee to pass the title or make the vendee liable for the price." In *Stone* v. *Browning* the following language is used: "The mere receipt of the goods by the vendee will not take a cause out of the operation of the statute of frauds. There must be some act or conduct upon his part manifesting his intention to accept them absolutely and unconditionally, in full performance of the contract of sale." These cases all apply a well-settled rule. Under the rule, the sale cannot be validated by any act of mere delivering to the carrier, or other act done by the vendor alone. Whether, in a case within the statute, where the contract in terms provides that a delivery at a certain place shall itself be considered a receipt and acceptance by the buyer, the contract would be validated by the delivery at the designated place, need not be decided. No such contract is testified to in this case. In this case the plaintiffs merely testified that they agreed to deliver the brick on the cars, and nothing whatever is said in the testimony on either side about the receipt or the acceptance of the brick on the part of the defendant. Under the cases cited, the acceptance of the brick by the defendant was essential to validate the contract, and hence it was prejudicial error to instruct the jury in terms that "practically the only issue in the case is the question as to whether there was a contract entered into between these parties at the time they met, in April or May, 1892." For this error a new trial must be granted.

We think, too, that the order granting a new trial should be affirmed upon the further ground of the insufficiency of the evidence to justify the verdict. There is perhaps some evidence in the record tending, unless explained, to show a receipt of the goods; but we fail to find any evidence whatever in this record of an absolute voluntary acceptance of the brick by the defendant. Where a verdict is vacated, and a new trial granted by a trial court, upon the ground of insufficient evidence, the Court, in so doing, is acting within judicial discretion, and such discretion will not be disturbed in a court of review except in cases of manifest abuse. See *Patch* v. *Railway Co.,* 5 N. D. 55, 63 N. W. Rep. 207; *Gull River Lumber Co.* v.

*Osborne McMillan Elevator Co.*, 6 N. D. 276, 69 N. W. Rep. 691.
The order appealed from is affirmed.

BARTHOLOMEW, J., concurs.

YOUNG, J., having been of counsel, did not sit in the case, nor participate in its decision.