(106 N. W. 49.)

---

St. Anthony & Dakota Elevator Co. v. The County of Cass, North Dakota, and Charles E. Wilson, Sheriff of Cass County.

Opinion filed December 8, 1905.

**Taxation — Ownership — Passing of Title.**

An oral sale of personal property without actual or constructive delivery or payment of any part of the price, and without any special

agreement as to immediate delivery or change of title, does not pass to the purchaser, but remains in the seller, and the property was properly assessed against the seller in whose possession it remained on April 1, 1897.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the St. Anthony & Dakota Elevator Company against the County of Cass and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Guy C. H. Corliss,* for appellant.

A sale from any motive is lawful except to defraud creditors, and such motive is not the subject of inquiry. Weimer v. Louisville Water Co., 130 Fed. 244; Robertson v. Carson, 19 Wall. 106; Draper v. Hatfield, 124 Mass. 53; Thayer v. Boston, 26 Am. Rep. 650.

Whether there was a sale, or an agreement for a sale, depends upon the intent of the parties. Tiedman on Sales, section 84; Tufts v. Griwn, 22 Am. Dec. 866; Warner v. Warner, 66 N. E. 760; Barber v. Thomas, 71 Pac. 845.

A warehouseman may retain possession of grain sold as bailed and the law does not require the burdensome ceremony of the delivery and immediate return of the grain to make a sale complete. Cambridge v. Hobart, 27 Mass. 232; Phelps v. Cutler, 4 Gray, 137; Green v. Rowland, 16 Gray, 58; Stinson v. Breed, 14 Allen, 376; Ingalls v. Herrick, 108 Mass. 351; Russell v. O'Brien, 127 Mass. 349; Goodheart v. Johnson, 88 Ill. 58.

Sufficient delivery in performance of a contract of sale may be a delivery of the key or warehouse receipt. Horr et al. v. Barker et al., 8 Cal. 603; Adams v. Foley, 4 Iowa, 44; Glasgow v. Nicholson,, 25 Mo. 29; Mitchell v. McLean, 7 Fla. 329; Whittiker v. Summer, 20 Pick. 405; Cushing v. Breed, 92 Am. Dec. 777; Farnem et al. v. Pitcher et al., 24 N. E. 590; Tiedman on Sales, section 105.

Sale may be made from a mass by giving a delivery order. 24 Am. & Eng. Enc. Law, 1057; Kimberly v. Patchin, 19 N. Y. 330; Russell et al. v. Carrington et al., 42 N. Y. 118; Hurff v. Hires, 29 Am. Rep. 282; Mackellar v. Pillsbury et al., 51 N. W. 222; Fed. Cas. No. 1936; Cushing v, Breed, 92 Am. Dec. 777; Rev. Codes, section 3552.

A sale does not date from the written memorandum of it required by the statute of frauds, but from the oral arrangement, which was

the contract of the parties. Bird v. Monroe, 66 Me. 337; Teidman on Sale, 72; Wood on Statute of Frauds, 345; Leadly v. McRoberts, 13 Ont. App. 378, 383.

The memorandum is merely the evidence of a previous parol agreement. Shirley v. Fulton et al., 57 N. W. 395; Reilly et al. v. Bancroft's Estate et al., 71 N. W. 745; Townsend v. Hargreaves, 118 Mass. 325; Remington v. Lintchicum, 14 Pet. 84, 10 L. Ed. 365, 8 Am. & Eng. Enc. Law (1st Ed.) 715.

Taxing authorities cannot invoke the statute of frauds, as that is purely personal to the parties to the transaction. Merchan v. O'Rourke, 82 N. W. 759; Brisham v. Lutrie, 24 So. 169; Kemp v. Nat. Bank. 109 Fed. 48; Auten v. Ry. Co., 104 Fed. 395; Collins v. Thayer, 74 Ill. 138; Kelly v. Kendall et al., 9 N. E. 261; Singer Nimick & Co. v. Carpenter, 17 N. E. 761; Abba v. Smyth, 59 Pac. 756; St. Louis, K. & N. W. R. Co. v. Clark et al., 26 L. R. A. 751; 8 Am. & Eng. Enc. Law (1st Ed.) 659; York v. Washburn, 118 Fed. 316; 8 Enc. (1st Ed.) 660.

*W. H. Barnett,* State's Attorney, and *Seth W. Richardson,* Assistant State's Attorney, for respondent.

Appellant must show delivery, part payment or memorandum. Rev. Codes 1899, section 3958.

A memorandum to satisfy the statute of frauds should contain every material part of the contract of sale, names of the parties, subject matter of the sale, its terms and conditions. Tiedman on Sales, section 76.

MORGAN, C. J. This action is brought to recover judgment for money paid under protest by the plaintiff to the defendant, for taxes alleged to have been unlawfully assessed against it by the defendant in the year 1897. During that year taxes were assessed upon 35,000 bushels of wheat as owned by the plaintiff and stored in its elevator at Page, in said county. The plaintiff refused to pay said taxes. Thereupon the county regularly proceeded to distrain its property in said county, and advertised the same for sale for said taxes, and it was offered for sale to pay said taxes. Plaintiff thereupon, and before the actual sale of said property, paid said taxes under protest. Plaintiff alleges in its complaint that it was not the owner of any of the wheat so assessed to it on April 1, 1897, and further alleges that the said wheat was owned by the Barnum Grain Company at that time. The sole issue raised

by the defendant's answer is the ownership of said wheat on April 1st, at which time property becomes taxable to the owner. The district court found for the defendant and dismissed the action; a trial by jury having been waived. If the plaintiff was the owner of the wheat on April 1, 1897, the judgment of dismissal must be affirmed. Appellant claims that it sold to said Barnum Grain Company 1,235,000 bushels of wheat on March 17, 1897, and that 35,000 bushels thereof were stored in its elevator at Page. The sale was an oral one. No money was paid on the sale on that day, nor before April 1st, and there was no manual delivery or change in the possession of the wheat on that day or before April 1st. The testimony as to the terms of the sale is meager. The secretary and manager of the plaintiff company both testified that the plaintiff "sold" 1,235,000 bushels of wheat to the Barnum Grain Company on that day. This wheat was stored in plaintiff's elevators throughout the state. The president of the Barnum Grain Company testified that his company "purchased" that number of bushels of wheat on that day from the plaintiff company. No writings were drawn up or delivered on that day as evidence of the sale. Later the plaintiff company issued five warehouse receipts in the following words, which, it is claimed, covered some of the wheat included in the prior negotiations: "The St. Anthony & Dakota Elevator Co., Minneapolis, Minn., March 18, 1897. Received in store at Page City, N. D., ten thousand bushels, ———— lbs. of No. one Nor. ——— wheat subject to the order hereon of ourselves ————, on return of this receipt properly endorsed." These five receipts aggregated 35,000 bushels. They were duly signed by the plaintiff's general manager and by him indorsed in blank, and delivered to the Barnum Grain Company. It is not shown when they were delivered, except by a general statement of a witness that they were delivered between March 19th and July 1st. The district court found that they were delivered some time between those days. There was no actual delivery of any of the wheat until April 19th. There is one of plaintiff's account books in evidence. It is called a "journal" or "warehouse receipt book." The entries therein of March 29, 1897, relate to some grain transactions between plaintiff and the Barnum Grain Company. So far as the transaction concerns the 35,000 bushels alleged to have been stored in the elevator at Page, the entries in said warehouse receipt book show the numbers of the five receipts,

the total number of 35,000 bushels, and the sum of $21,682.50, said to represent the price paid. The wheat was sold as No. 1 Northern grain, but that does not mean that the wheat was of that grade. The evidence shows that that grade is used in sales of grain until it is actually graded. If the wheat does not grade No. 1 Northern, the custom is that it shall be paid for according to the actual grade at the terminal point where it is shipped to. Although the contract is made in reference to No. 1 Northern, it is paid for according to the actual grade when shipped, at a sum fixed by the course of business, at a certain fixed sum higher or lower than the price of No. 1 Northern. The evidence shows that this contract was made subject to this rule or custom of business.

Under these facts it remains to be determined whether the sale was a completed one when made or became such before April 1, 1897. The parties do not disagree upon the principles of law applicable to the facts. These are elementary, and relate solely to the principles applicable to the delivery of personal property and change of title under sales. The decisive point for determination is: Who owned the wheat in question on April 1, 1897, It is claimed that there was a delivery of the wheat when the sale was made, and that the sale thereby became consummated. That the wheat was delivered is claimed by virtue of the fact, asserted to be true, that the warehouse receipts was delivered before April 1st. There is no evidence of this fact. The court found that it was delivered between March 18th and July 1st; and that is as definite a finding as can be made under the evidence. Conceding, but without deciding, that the delivery of the warehouse receipt would be a delivery of the wheat in this case, because of its bulky character and large number of bushels making immediate and actual delivery impossible, still no delivery is shown, as the evidence fails to show the fact of the delivery of the warehouse receipt before April 1st. The mere issuing of the warehouse receipt without delivery will not constitute a completed sale, nor would that fact be sufficient to make the sale within the requirements of the statute of frauds. The entries in the journal or warehouse receipt book are not sufficient as a memorandum. These entries do not state the terms of the sale substantially. This is necessary in a memorandum. Tiedeman on Sales, section 76 ; Mechem on Sales, sections 425, 433. In fact, they do not show a sale at all, nor can a sale be proved thereby or therefrom without the aid

of additional extrinsic evidence. The vendor or party to be charged does not subscribe the memorandum. These entries are a record of warehouse receipts issued to the Barnum Grain Company on the 1,235,000 bushel deal and contain nothing more than the total sum charged and credited on the transaction and a record of the warehouse receipts given by number and the amount of bushels they represent. It is not a sufficient memorandum of sale. There could not be a completed sale under the terms of this contract until the wheat was delivered at Duluth, the terminal point, and there graded. The price to be paid could not be ascertained until the wheat was graded there. It is true that the parties could have agreed that title should pass immediately, or delivery could have been immediately made under an agreement for final settlement of price after grading at Duluth, but there is nothing to show that such was the understanding. Such an understanding will not be presumed. It must be shown to have existed.

It is claimed that the title may pass before delivery in certain cases, and we do not dispute the proposition. But the facts must show that such was the intention of the parties. That is the test as to whether the title has passed or not. In this case there is nothing to show that the parties intended that title should pass before delivery of the wheat and payment of the price. There was nothing said nor done when the sale was made showing that title was intended to pass immediately, nor that delivery was then to be made. If anything is shown in regard to delivery, it is that delivery was to be made later. The plaintiff's secretary testifies that plaintiff sold all this wheat to said Barnum Grain Company "to be delivered between April 1st and July 1st at 72¾ cts., delivered at Duluth." This negatives the idea of a present delivery at the time of sale. Summing up the evidence of the sale, it appears to be beyond dispute that it does not show a delivery of the warehouse receipts to the purchaser before April 1st. It is also beyond dispute that there was nothing said or done when the sale was agreed on to show that an immediate delivery was then and there to be made, nor was anything said that title should then and there pass to the buyer, although delivery was to be made later. Nor was payment or part payment made before April 1st; nor was there any act done, or word said, showing that there was a delivery by symbol. The necessary conclusion from a careful consideration of all the evidence is that the transaction consisted solely of the

one naked fact that plaintiff "sold" 1,235,000 bushels of wheat to the Barnum Grain Company without any written memorandum of the sale at the time and without any act indicating an intention to immediately pass the title or to surrender the possession. We are unable to give to these facts a construction or effect that will constitute the transaction a completed sale. We give no effect to the fact that there were more than 35,000 bushels of wheat in the Page elevator on March 19th, when the alleged sale was made, and that the 35,000 bushels were not separated from the balance of the wheat in the elevator. That fact was of no consequence if there had been a completed sale with intention to pass title. O'Keefe v. Leistikow (N. D.) 104 N. W. 515, is conclusive on that point if the wheat was of one grade.

It is contended that it is immaterial whether there was a memorandum of the agreement or not, inasmuch as the parties had the right to waive the provisions of the statute of frauds and make a valid and completed sale, regardless of the statute. That the right to claim the benefit of the statute is a personal privilege and may be waived seems to be generally held, although we need not pass on that question now. If we were to hold that the evidence shows that the parties intended an immediate change of title without actual delivery of possession, the point would be applicable. However, we hold that the evidence fails to show delivery or the passing of the legal title. Hence the ownership was in the plaintiff on April 1st, and the property was subject to assessment as the plaintiff's property on that day. We have considered the evidence solely to ascertain therefrom whether it shows a completed sale between the parties or not. We conclude that the evidence fails to show that the parties intended an immediate change of title or an immediate delivery. The plaintiff could not have recovered for the price of the wheat if an action therefor had been brought against the Barnum Grain Company on or before April 1, 1897. This is a satisfactory test as to whether the title had passed. Inasmuch as the contract involved the sale of personal property valued at more than $50, an oral contract would not be valid, unless in writing or accompanied by a memorandum subscribed by the vendor in the case, or there was a delivery or part delivery, or payment or part payment, under section 3958, Revised Codes. Before delivery is sufficient to do away with the requirement that the contract shall be in writing or evidenced by a memorandum, both parties must be parties to the delivery. That

is, the seller must deliver and the buyer must accept and receive the property or some of it. Mechem on Sales, section 357. The evidence entirely fails to show that there was any acceptance of the property by the buyer before April 1st. Waite v. McKelvy, 71. Minn. 167, 73 N. W. 727; Dinnie v. Johnson, 8 N. D. 153, 77 N. W. 612; Reeves & Co. v. Bruening (N. D.) 100 N. W. 241.

Plaintiff's contention that it became a bailee of the wheat after the contract was entered into is also untenable. It is true that such an arrangement might legally have been entered into, but such a contract or bailment will not be presumed. The question is, not what the parties might legally have done, but what contract did they then enter into, and what was done thereunder. It is immaterial that there may have been a delivery of all this wheat to the Barnum Grain Company later. How much of the wheat was delivered to it under this contract we have not determined, as the crucial question to be determined is: Which party owned the wheat on April 1st? On that question, the answer must be against the claims of the plaintiff. The most that the evidence shows is that there was an agreement for a sale to be consummated later. Before it was consummated the right to assess the property in Cass county arose, and it was there taxed.

Judgment affirmed. All concur.

ENGERUD, J., having been of counsel in the court below, took no part in the foregoing opinion; HON. C. J. FISK, Judge of the First Judicial District, sitting in his place by request.