GULL RIVER LUMBER COMPANY *vs.* OSBRONE MCMILLAN ELE-
VATOR COMPANY.

Opinion filed November 21st, 1896.

**New Trial—Discretion of Trial Court.**

> When a motion for a new trial embraces the ground that the evidence does not justify the verdict, the motion, upon such ground, is addressed to the sound judicial discretion of the trial court; and the order made thereon, based upon such ground, will not be reversed in this court, unless the record discloses a case of abuse of discretion. This is especially true in cases where a new trial is ordered in the court below.

**Appeal—Review.**

> Evidence examined, and *held*, that the order granting a new trial upon the ground that the verdict was not justified by the evidence was not an abuse of judicial discretion, and hence the same is affirmed.

. Appeal from District Court, Ransom County; *Lauder*, J.

Action by the Gull·River Lumber Company against the Osbrone McMillan Elevator Company. Verdict for plaintiff. From an order granting a new trial, it appeals.

Affirmed.

*Ed. Pierce* and *Edward Engerud*, for appellant.
*P. H. Rourke*, for respondent.

WALLIN, C. J. This action is brought to recover damages for the conversion of certain wheat covered by a chattel mortgage owned by the plaintiff. The trial resulted in a verdict for the plaintiff. Defendant, upon a statement of the case, moved for a new trial of the action upon several grounds, among which was the ground that the evidence was insufficient to justify the verdict. The motion was granted, and, appended to its order granting a new trial, the learned trial court has set out a memorandum of the grounds or reasons upon which a new trial was ordered. After pointing out the fact that from the standpoint of the trial court, at least, the verdict returned was an unjust one, the court stated, in substance, that it granted a new trial chiefly for the reason that the verdict was not justified by the evidence.

We have read the evidence with care, and are satisfied that the view of it taken by the trial court was entirely proper; but, as it could serve no useful purpose as a guide to the solution of future cases to set out the evidence, we shall refrain from doing so. We need only call attention to the familiar rule that where a motion for a new trial is made in the trial court upon the ground that the verdict is not justified by the evidence, such motion is addressed to the sound discretion of the tribunal which heard and saw the witnesses, and therefore had advantages in weighing the testimony which are not possessed by an appellate court. In such cases, and especially where the verdict is set aside, and a new trial granted, an appellate court will not reverse the order merely upon the ground that there was some conflict in the evidence. The application for a new trial upon such ground being addressed to the sound discretion of the court below, an order of that court will not be reversed unless the record discloses a case of abuse of discretion. This is especially true where a new trial has been granted. This rule has long since passed the boundaries of debate. See Hayne, New Trial, § 97, and cases cited in the notes to said section.

The order granting a new trial is affirmed. All the judges concurring.

(69 N. W. Rep. 691.)

NOTE—The discretion of the trial court in awarding new trials will not be interfered with except in case of abuse. *Braithwaite* v. *Aiken*, 2 N. D. 57; *Patch* v. *N. P. Ry. Co.*, 5 N. D. 55.