## J. W. ROSS *v.* ALVIN ROBERTSON.

Opinion filed April 25, 1903.

### Reduction of Verdict—New Trial.

The trial court has authority to order a reduction of the verdict of a jury which he considers excessive, and to require the prevailing party to accept the reduced amount, or submit to a new trial.

### Granting New Trial Discretionary.

The granting of a new trial because of the insufficiency of the evidence to justify the verdict, when there is a substantial conflict in the evidence, rests in the sound legal discretion of the trial court. This discretion will not be disturbed, except in cases of abuse.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by J. W. Ross against Alvin Robertson. Verdict for plaintiff. From an order granting a new trial, plaintiff appeals.

Affirmed.

*B. G. Skulason,* for appellant.

*Bosard & Bosard,* for respondent.

COCHRANE, J. The issue in this case is as to the value of services rendered by plaintiff, an architect, in the preparation or reproduction of plans, specifications, and detail drawings for a dwelling house for defendant. This value depends largely upon the consideration whether plaintiff was the originator of the particular design, or whether he copied certain plans, specifications, and drawings left with him by defendant as models; making only such changes as would be necessary for a house five feet longer and one foot wider in the main part, and one foot narrower in the rear, than the one called for in the models furnished him, with some changes in the location of partition walls. The specifications and blue prints of drawings left with plaitniff as models were offered and received in evidence; also the specifications and blue prints from drawings made by plaintiff under his employment. These were examined and compared by the trial court before making the order from which this appeal was taken. Besides the parties, but one witness (De Remer,

an architect) was sworn and examined, first for the plaintiff and then for defendant. A review of the evidence can serve no good purpose. It is sufficient to here state that there was a conflict in the testimony. A verdict was returned in plaintiff's favor for $241.83, and judgment was entered thereon. Defendant moved for a new trial; specifying, among other grounds therefor, that the evidence was insufficient to justify the verdict. The trial court, upon hearing, ordered that the verdict and judgment be modified and reduced to the sum of $63.49 and costs, and directed that plaintiff file his written election to accept such reduction, else the verdict and judgment would be set aside, and a new trial granted. Plaintiff refused to accept the reduction. This appeal is from the order granting a new trial. Appellant assigns error upon the reduction of the amount of the verdict, and the requirement that he accept a reduced amount in full satisfaction of his claims, or submit to a new trial.

The power of the court to require a remittitur in a proper case is not challenged, but it is claimed that the court abused its discretion in requiring it in the state of the evidence in this case; that, properly interpreted, the evidence in support of the jury's verdict was uncontradicted. For the same reason, appellant insists that the order granting a new trial for insufficiency of the evidence was so palpably wrong as to require a reversal by this court. We do not so view the case. After a careful reading of the evidence, and comparison of the exhibits, we conclude that the case was a proper one for the trial court to exercise its discretion upon in each of the particulars in which its action is challenged. There was no abuse of discretion. *Patch* v. *Railway Co.,* 5 N. D. 55, 63 N. W. 207; *Gull River Lumber Co.* v. *Elevator Co.,* 6 N. D. 276, 69 N. W. 691; *Dinnie* v. *Johnson,* 8 N. D. 153, 77 N. W. 612; *Pengilly* v. *J. I. Case Threshing Machine Co.,* 11 N. D. 249, 91 N. W. 63.

This disposes of the case, and renders a consideration of other assignments unnecessary. The order appealed from is affirmed.

All concur.