L. R. BAIRD, as Receiver of the Farmers & Merchants State Bank of Driscoll, Driscoll, North Dakota, Respondent, v. HARRY CLOOTEN and Goldie Clooten, Appellants.

(236 N. W. 356.)

Opinion filed April 21, 1931.

*F. E. McCurdy,* for appellants.

*Zuger & Tillotson,* for respondent.

GRIMSON, Dist. J. This case is an outgrowth of the case of Clooten v. Wang, reported at 57 N. D. 793, 224 N. W. 198. The plaintiffs in that action, defendants here, had sought to quiet title to certain premises in Burleigh county in themselves upon the strength of a tax title. The court held their tax deed void and that Baird, as receiver of the Farmers & Merchants State Bank of Driscoll, was the owner of the property subject to some liens for taxes and mortgages. During the years 1927 and 1928, while the defendants held tax title and their action was pending, they occupied and farmed the premises and removed therefrom a certain building which they incorporated in their own house on adjoining premises. The plaintiff brings this action and seeks to recover the rents and profits of said premises during the years 1927, 1928, and 1929, and also for the deterioration done said premises by the removal of the house. The defendants come in, admit they farmed the premises and removed the house, but set up as counterclaims their lien for the taxes they paid in connection with the tax title and some other claims for work done upon the premises during the time they farmed them.

The case was tried to a jury, a general verdict rendered, and judgment thereupon entered in favor of the defendants for $342.43, and costs. The plaintiff thereafter made a motion for a new trial and

urged, among other grounds, that the evidence was insufficient to sustain the verdict and that the verdict was excessive.

The trial court upon considering said motion filed a memorandum decision finding that the evidence was not sufficient to sustain the verdict in the amount found but that the evidence did warrant a finding in favor of the defendants for $118.42. The court then concluded that a new trial be granted unless within fifteen days plaintiff tendered the defendants the sum of $118.42, together with the costs taxed in the sum of $49.00, less the cost of the transcript ($120.00), and the defendants accept the same. Plaintiff made such a tender but the defendants refused to accept the reduction. An order was thereupon entered for a new trial, and this appeal is taken by the defendants from that order.

In its memorandum decision the court discusses the evidence, the sufficiency thereof to support the verdict returned, and wherein that verdict was excessive. The question of the sufficiency of the evidence is addressed to the sound discretion of the trial court, and if the evidence shows that the trial court exercised legal discretion in acting upon that question, then its decision thereon will not be disturbed. The only question for the appellate court in such cases is whether or not the trial court abused its discretion. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619.

A careful consideration of the evidence shows that the action of the trial court in finding the verdict excessive and that the evidence only supported the lesser amount is in accord with the preponderance of the evidence. No abuse of discretion by the trial court in regard thereto is shown.

It is contended that it was error to try this case to a jury over the plaintiff's objection. We find it unnecessary to pass upon that question. The defendants are the appellants. They cannot complain as the case was submitted to the jury on their demand. The plaintiff accepted the order of the trial court for a reduced verdict.

In this case there appear no prejudicial errors in the admission of the · testimony or the trial of the case. The evidence is of such a nature that the actual damages are ascertainable. The verdict was excessive. The court has found what it should be. There is nothing to be gained by a new trial. In such cases the court has authority to reduce the

verdict and order judgment for the lesser amount in accordance with the evidence without ordering a new trial. See § 7660, subdivision 5, 1925 Supplement.

Such order reducing a verdict must, however, be based upon the evidence and must not be coupled with any capricious or unreasonable conditions. Here the trial court coupled his order for remission with the further condition that the defendants pay the cost of the transcript. There seems to be no basis in the evidence, in reason or in equity, for that part of the order and the defendants were justified in refusing the acceptance thereof. That part of his finding was an abuse of discretion.

The finding of the trial court that the evidence warranted a verdict in favor of the defendants and against the plaintiff in the sum of $118.42 is affirmed. An order for judgment in that sum with interest from April 9, 1930, together with the costs in district court, should have been made.

The case is remanded to the district court for further proceedings in accordance herewith, the defendants and appellants to recover their costs on this appeal.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.

NUESSLE, J., did not participate, Hon. G. GRIMSON, Judge of the Second Judicial District, sitting in his stead.