[File No. 6702.]

JOSEPH P. DURICK, Appellant, v. OSCAR W. WINTERS, Doing Business under the Name and Style of Dacotah Cab Company, or 444 Cab, and George Richards,

and

OSCAR W. WINTERS, Doing Business under the Name and Style of Dacotah Cab Company, or 444 Cab, Respondent.

(296 N. W. 744.)

Opinion filed March 3, 1941.

*Chas. A. Lyche,* for appellant.
*J. A. Alphson* and *T. B. Elton,* for respondent.

BURR, Ch. J.   Plaintiff appeals from an order granting a new trial. The defendant operated a taxicab company for the purpose of carrying

passengers, and while transporting the plaintiff to the latter's place of work, there was a collision in the city of Grand Forks between the taxicab and an automobile driven by the codefendant, George Richards. The plaintiff alleges that the collision was the result of "concurrent negligence, carelessness, and recklessness, of both of said defendants, and each of them, and by reason . . . aforesaid, the plaintiff suffered a severe and permanent injury to his head, chest," etc.

Defendants answer separately. Defendant Winters denied any negligence or liability; and alleged that while he was driving his taxicab in a prudent, careful, and legal manner, one George Richards "carelessly, recklessly and negligently drove his said automobile into and against the rear right fender and wheel of defendant's said automobile. . . .

"That, if the said plaintiff sustained any injuries whatsoever as a result of the accident and collision hereinbefore described, defendant alleges that the same were caused wholly and solely by reason of the careless, reckless and negligent operation by the said George Richards . . . and were not caused in any manner through the fault of this defendant. . . ."

At the close of his case, plaintiff dismissed his action against Richards. The jury found for the plaintiff against Winters, and shortly after the judgment was entered, Winters moved for a new trial "upon the ground that the evidence is insufficient to justify the verdict and is contrary to law," the specification of insufficiency being that the plaintiff "wholly failed to prove by any competent or sufficient evidence that the defendant, Oscar W. Winters was negligent as alleged in plaintiff's complaint, or that the defendant Winters operated his automobile at a high and reckless rate of speed and carelessly and negligently, and recklessly swung his said car wantonly and recklessly, to the left, and then again in the same manner, too far to the right, thus unnecessarily and negligently delaying his passage in said intersection of DeMers Avenue and Fourth Street in the said City of Grand Forks, North Dakota, or that the said defendant Winters was careless or negligent in any manner whatsoever."

The court granted the motion, and in the order set forth that he had "examined the testimony of the witnesses adduced upon the trial of said

action," and it appeared therefrom "to the satisfaction of the court that the evidence is insufficient to justify the verdict and is contrary to law."

There are four specifications of error accompanying the appeal, all centering around the theory "That there is absolutely no error in law" and "no error, whatsoever, or suggestion of error, in the facts, which could possibly authorize the court to grant any such motion."

The plaintiff was a passenger in defendant's taxicab. Apparently he was totally unaware of the presence of Richards' car until the time of the impact. He gave no testimony whatever as to how the collision occurred. The only testimony in the record as to how the collision occurred was given by the two defendants. The testimony of the speed at which defendant Winters was driving is given by himself, and is not contradicted by any witness.

The trial court wrote an extensive memorandum opinion, wherein he recites the evidence with reference to the collision and refers to the law bearing upon proof necessary to establish negligence on the part of Winters, in view of the allegations in .the complaint. The trial court, as shown by this memorandum opinion, was fully convinced there was no proof whatever showing negligence on the part of Winters.

In view of the outcome, it is unnecessary to set forth the testimony bearing upon the question of the collision. The complaint is based on the theory that the defendant, in driving the plaintiff in an easterly direction along DeMers Avenue in Grand Forks, "entered the intersection of that Avenue with Fourth Street . . . and after having so entered said intersection, and approached the center thereof . . . noticing the approach of the defendant, George Richards, toward said intersection . . . at a high and reckless rate of speed, carelessly, negligently and recklessly, swung his car, wantonly and recklessly, to the left, and then again in the same manner, too far to the right," thus delaying his passage in the intersection so that he remained there too long to escape a collision with the defendant George Richards, who also "negligently and recklessly managed and operated his said motor vehicle, at such a high rate of speed, that he lost control thereof."

The trial court discusses the testimony in this respect, in light of the theory of the plaintiff, and after citing Zimprich v. Coman, 60 N. D.

297, 234 N. W. 69, and the rule therein stated, to-wit: "Where in an action for negligence the plaintiff sets out in his complaint the specific acts of negligence upon which he predicates his case, he is thereby restricted in his proofs and must recover, if he recovers at all, upon the acts so specifically set out," came to the conclusion that there was "no testimony in the present case which establishes that the acts of negligence set forth in plaintiff's complaint were the proximate cause of the collision and the resulting injury to plaintiff."

We have examined the evidence dealing with the collision sufficiently to conclude that there was no abuse of discretion on the part of the trial court in granting a new trial because of the condition of the evidence. This court is not required to agree precisely with the trial court in its view as to the weight of the evidence. To reverse an order granting a new trial because of the insufficiency of the evidence, this court must be convinced that there are strong and cogent reasons for concluding that the trial court was not exercising legal discretion in weighing the evidence. It is not necessary to cite authority in support of the rule of this jurisdiction to the effect that the granting of a new trial on the ground of the insufficiency of the evidence rests largely in the sound discretion of the trial court, and that such discretion will not be disturbed on appeal unless it has been manifestly abused. Martin v. Parkins, 55 N. D. 339, 346, 213 N. W. 574; and the cases cited therein set forth the rule, and this rule has been followed consistently. See Butler v. Ætna Ins. Co. 64 N. D. 764, 256 N. W. 214.

As we show in Gull River Lumber Co. v. Osbrone McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691, an order granting a new trial stands on a firmer foundation in the appellate court than an order denying it, for, as stated in Kohlman v. Hyland, 56 N. D. 772, 777, 219 N. W. 228, 230, the reason is that such an order is not decisive of the case, but merely opens the way for reinvestigation of the entire issue on the merits. As a matter of fact, it is the duty of the trial court to set aside a verdict when it appears to him, upon the exercise of sound legal discretion, that the verdict is against the weight of the evidence. State v. Stepp, 48 N. D. 566, 571, 185 N. W. 812, 814.

Appellant contends strenuously that the doctrine of res ipsa loquitur applies. In the light of the evidence in this case, it is difficult to see where this maxim has any application. As a matter of fact, it is mere-

ly a rule of evidence. Before the maxim could have application here, the evidence must needs show that from the circumstances of the case, negligence is naturally imputed to the defendant. It is true that defendant Winters, being "a common carrier of passengers for hire is required to exercise the highest degree of care reasonably to be expected from human vigilance and foresight for the safety of its passengers, in view of the mode and character of the conveyance adopted, and consistent with the practical operation of its business" (Finlayson v. Bryan, 56 N. D. 407, 217 N. W. 662), but that does not in itself imply that if there be a collision, the carrier is presumed to have been negligent.

In the case at bar, the evidence is such that the trial court was not abusing its discretion in concluding no negligence on the part of defendant Winters was shown. It is true there was a collision, but the mere fact of a collision does not so speak for itself as to raise the presumption that negligence on the part of defendant Winters caused the collision. The maxim cited does not apply here. See Robinson v. Consolidated Gas Co. 194 N. Y. 37, 40, 86 N. E. 805, 807, 28 L.R.A. (N.S.) 586, 590.

The order granting a new trial is affirmed.

NUESSLE, CHRISTIANSON, and MORRIS, JJ., concur.

BURKE, J., concurs in the result.