[File No. 6787]

JOHN R. HASLAM, Appellant, v. J. E. BABCOCK, Respondent.

(1 NW(2d) 335)

Opinion filed December 4, 1941

*F. T. Culhbert* and *W. G. McDonald,* for appellant.

*Myer R. Shark,* for respondent.

MORRIS, J.  This action was commenced by service of the summons and complaint on the defendant on December 7, 1939.  The plaintiff alleges that he is the owner of certain real estate described in the complaint and that the defendant during all of the time between September 1 and October 14, 1939, was the owner of thirty head of cattle; that at various times between these dates defendant's cattle trespassed upon the plaintiff's land and destroyed a crop of millet and hay to the plaintiff's damage in the sum of $50.

The plaintiff further alleges that on October 14, 1939, he took up defendant's cattle and kept them in his custody until October 28, 1939, and during this time incurred $50 expense in keeping and feeding these animals.

The defendant answered and admitted that his cattle trespassed upon plaintiff's land but alleged that the damage did not exceed the sum of $10.  The defendant also pleaded a counterclaim wherein he claims damages in the sum of $100 against the plaintiff for not properly car-

ing for the thirty head of cattle taken up. The defendant also claims that his herd contained thirty-six head of cattle and that in taking thirty head, the plaintiff so negligently, carelessly and wantonly herded and drove the cattle that six head of young stock were permitted to drop out of the herd and go astray; that of these six head, five have completely disappeared and that they are of the value of $200 for which sum the defendant claims damages. It is alleged that the remaining animal when found was so weak as to be of no value. The testimony shows that it died during the trial. For this animal, the defendant claims further damages in the sum of $50.

The defendant also claims damages in the sum of $25 for costs incurred in proceedings in justice court for the recovery of the possession of the cattle taken up by the plaintiff.

The case was tried to a jury and resulted in this verdict: "We the jury in the above entitled action, find for the defendant for the dismissal of the action."

Three special questions were submitted to the jury. These questions and the jury's answers are as follows:

"How much damage if any did defendant's stock do to plaintiff's millet?

"Answer: Fifty-three and 16/100 Dollars.

"What damage if any did defendant suffer by reason of plaintiff's negligence in the taking of, keeping and caring for defendant's stock?

"Answer: Fifty-three and 16/100 Dollars.

"What if any damages were inflicted by defendant's cattle in plaintiff's millet during the last sixty days prior to December 7, 1939?

"Answer: $53.16."

The plaintiff made a motion for a new trial which was denied. This appeal is taken from both the judgment and the order denying the new trial. The plaintiff claims in his specifications of error that the evidence is insufficient to justify the verdict. Most of the salient facts are in dispute. It is clear that the defendant's cattle trespassed upon the plaintiff's farm damaging a portion of about thirty-five acres of shocked millet. The plaintiff drove thirty head of defendant's cattle from this field to plaintiff's corral and kept them there from October 14 to October 28, 1939. On the latter date, they were released pursuant to proceedings had in a justice court. There is a conflict of testi-

mony regarding the amount of damage done, the number of cattle in the herd from which the thirty were taken, the treatment received by the cattle while in plaintiff's possession, their condition when taken up and when released and a number of minor matters.

The jury found that each party suffered recoverable damages in an equal amount and, therefore, directed the dismissal of the case. The matter was submitted to the trial court upon a motion for a new trial. This, the court denied and in his memorandum opinion states that substantial justice was done.

The granting of a new trial for insufficiency of the evidence to justify the verdict lies in the sound judicial discretion of the trial court when there is a substantial conflict in the evidence. Ross v. Robertson, 12 ND 27, 94 NW 765; Burdick v. Mann, 60 ND 710, 236 NW 340, 82 ALR 1443.

The trial court in denying a new trial passed on the question of the sufficiency of the evidence and thus confirmed the verdict of the jury. Where the verdict is attacked in this court and the evidence though conflicting is legally sufficient to sustain the verdict under the instructions given, the verdict and judgment entered thereon will not be disturbed. Griffin v. Implement Dealers Mut. F. Ins. Co. 64 ND 146, 250 NW 780; Rickel v. Sherman, 34 ND 298, 158 NW 266; Branthover v. Monarch Elevator Co. 42 ND 330, 173 NW 455; Hampton v. Ross, 56 ND 423, 217 NW 845; Kraft v. Martell, 58 ND 58, 225 NW 79. We have examined the testimony with reference to the sufficiency of the evidence and find that there is evidence of a substantial character that supports the verdict.

The plaintiff specifies that the court erred in admitting testimony as to the loss of six head of cattle claimed by the defendant to be in the herd but not taken into the corral by the plaintiff. As an example of the testimony objected to, the specification quotes from the direct examination of the defendant Babcock as follows:

"By Mr. Shark.

"Q. I will show you defendant's Exhibit 5 which purports to be a list of cattle and ask you if you can identify that.

"Mr. McDonald: Objected to as incompetent, irrelevant and immaterial, and new matter.

"Court: Overruled.

"A. Yes, I can identify that.

"Q. What is this? A. Those are the cattle I lost that were not in the herd when I went to redeem them. Those are the six that were short.

"Q. They were in the herd on the 14th when they were taken up and were not returned to you on the 28th?

"A. Yes."

Immediately following the testimony above specified as being erroneously admitted the record discloses the following:

"Mr. Shark: Offer Exhibit 5 in evidence.

"Mr. McDonald: No objection."

Thus, it appears that when the exhibit, containing the list of cattle that the defendant claimed were lost through the negligence of the plaintiff, was offered in evidence plaintiff's counsel stated that he had no objection to its admission. Upon such a record the plaintiff cannot now assert in this court that the evidence was erroneously admitted by the trial court.

Neither the brief nor the specifications of error point to other testimony as being erroneously admitted.

"A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient and it shall be proper to include in such specification, specifications of facts conclusively established, together with the fact claimed not to be established, in such manner as to intelligently show wherein, on the whole case, the verdict or decision is not supported by the evidence." ND Comp Laws 1913, § 7656.

See Cary Mfg. Co. v. Ferch, 67 ND 603, 275 NW 255, and cases therein cited.

The appellant further contends that the court erred in giving the following instruction: "The person suffering damages may take up and keep such offending animals in custody until the damages and costs are paid or until a good and sufficient security is given therefor. He is entitled to a lien on the cattle or reliance on his security for the amount of his damages inflicted during the last sixty days prior to the bringing of the action. This action was commenced on December 7th, 1939. A special question will be submitted to you as to what if any

damages were inflicted by defendant's cattle in plaintiff's millet during the last sixty days prior to December 7th, 1939."

It is claimed by the plaintiff that the evidence shows that considerable damage had been done by the defendant's cattle prior to the sixty-day period immediately preceding the commencement of the action and that the instruction as given had a tendency to mislead the jury to believe that recovery could be had only for those damages inflicted by the defendant's cattle during the last sixty days prior to December 7th. The instruction complained of when lifted from its context might be subject to this criticism but the instructions must be taken as a whole. The sentence immediately preceding that above quoted states: "Any person owning or having in his charge or possession any cattle which trespass upon the lands of another, whether fenced or not fenced, shall be liable to the party injured for all damages sustained by him by reason of such trespassing."

Special questions which we have heretofore quoted were also submitted to the jury wherein they were required to find the damage done to the millet and what if any damages were inflicted during the sixty days prior to the commencement of the action. These questions were entirely consistent with the instructions. After the jury had retired to consider the case they returned to the court room and the foreman inquired concerning the necessity of answering the last question. The court in further instructing the jury said: "There are certain privileges granted by the law to a person if he brings suit within the last sixty days that do not apply to damages inflicted prior to the sixty days."

Considering the instructions together with the questions submitted to the jury, we cannot say that the instruction complained of or the instructions as a whole are misleading. From the entire record, it appears that both the jury and the trial court had an opportunity to and did give a fair consideration to this case. We find no prejudicial errors of law. The weight to be given to the testimony of the various witnesses was for the jury. Their verdict is binding upon us. The order and judgment appealed from will not be disturbed by this court. Affirmed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.