[File No. 7014]

FRANCIS G. KOHLER, Respondent, v. WESLEY V. STEPHENS, Respondent, and GEORGE LANDGREBE, Appellant.

(24 NW2d 64)

Opinion filed August 28, 1946.   Rehearing denied September 23, 1946.

*Wattam, Vogel & Vogel* and *Sullivans, Fleck & Higgins,* for appellant.

*Burnett, Bergeson, Haakenstead & Conmy, Marion Jane Leslie, George S. Register* and *Sad & Sproul,* for respondents.

MORRIS, J. In this action the plaintiff seeks damages for personal injuries resulting from a collision between an automobile and a truck on U. S. Highway No. 10 in western Barnes County.

The accident occurred at about 9 o'clock P. M., Central War Time, July 26, 1942. The jury rendered a verdict of $7500 against the defendant Landgrebe and for a dismissal of the action against the defendant Stephens. An amended judgment was entered pursuant to the verdict on September 27, 1944. Thereafter the defendant Landgrebe made an alternative motion for a judgment notwithstanding the verdict or for a new trial. After hearing the motion and after other proceedings had, the court denied the motion upon the condition that the plaintiff accept a reduction of the verdict from $7500 to $5000 and ultimately on January 26, 1946, ordered the judgment reduced to $5000 with interest and costs to be taxed by the clerk. Pursuant to the court's order an amended judgment was entered in the court below on February 27, 1946, nunc pro tunc November 7, 1945. The defendant Landgrebe appeals from this judgment and from an order of the court denying a new trial.

The defendant Landgrebe also appeals ". . . from that certain order made by the Honorable Daniel B. Holt, Judge of the above court under date of February 26, 1946, nunc pro tunc November 7, 1945, denying the defendant, George Landgrebe's motion to make absolute the granting of a new trial herein." The challenge thus made presents a question in procedure the determination of which is preliminary to the consideration of other assignments of error.

After the court had heard the appellant's motion for judgment notwithstanding the verdict or for a new trial, he prepared an extensive memorandum opinion dated September 26, 1945, and filed it with the clerk of the district court two days later. After discussing the specifications of error that had been argued to the court, including the sufficiency of the evidence to support the verdict in the amount rendered, the court said:

"On the entire record, the court thinks that an award of five thousand dollars would be adequate compensation for the damages resulting from the accident. It is accordingly ordered that the motion for judgment non obstante be denied, and that the judgment entered on the verdict of the jury against the defendant Landgrebe for seven thousand five hundred dollars be re-

duced to five thousand dollars, and in case plaintiff does not file a written consent to such reduction within fifteen days from the service of this order upon him, an order shall be entered vacating the judgment against said defendant, vacating and setting aside the verdict of the jury, and granting a new trial as against the defendant Landgrebe."

Although a copy of the memorandum opinion was not formally served on plaintiff's counsel a copy thereof was mailed to him.

On October 4, 1945, one of the attorneys for the plaintiff wrote to the court as follows:

"We are in receipt of your memorandum opinion of September 26, 1945, in which the motion for judgment non obstante is denied and order is made that the judgment for $7500.00 be reduced to $5000.00, and that plaintiff file written consent to such reduction within fifteen days.

"We assume that the order of the court does not affect that portion of the judgment which the clerk has allowed covering interest and costs and with that understanding the plaintiff consents to the reduction ordered by the court with the following provisos:

" 'That it be understood that by such consent the plaintiff waives no right which he has or may have to the claim for the full amount of the verdict in the sum of $7500.00 in case the defendant Landgrebe proceeds with an appeal to the Supreme Court.'

"You may file this letter with the records in the case as acceptance of the conditions contained in the court's order subject to the provisos herein stated. We shall appreciate hearing from the court as to whether the court deems this as sufficient in the premises."

On October 26, 1945, the appellant served on the attorneys for plaintiff a notice of motion "For an order granting to the defendant, George Landgrebe, a New Trial, in accordance with the court's order of September 26, 1945, the plaintiff having failed to file a written consent within the time allowed by the court." This motion was heard on November 7, 1945, at which time attorneys for plaintiff in open court unconditionally accepted the

reduction of the verdict and presented and filed an affidavit to that effect.

A transcript was made of the proceedings had on November 7th. The court after reviewing the contentions of the parties said:

"That calls, it seems to me, for a construction of the court's opinion. The court did not, in writing that opinion, intend to make the opinion an order. That is not its practice in the past. But it did contemplate that a formal order would be drawn up by the attorney for the defendant and presented to the court for its signature, and that such order should be served upon the plaintiff. That formal order never has been made and filed in this court. The cases cited by counsel for the defendant have all been, apparently, cases where the formal order has been made, with the possible exception of that last case which has been noted just above, where the California court seemed to hold that the opinion itself constituted an order. But this case seems to be differentiated from that case in this particular. That the court contemplated that a formal order, apart from the memorandum opinion, should be made and presented to the court and signed and then served. That was the intention of the court."

The appellant at that time contended and still contends that the trial court lost jurisdiction of the case after making its order of September 26th and that thereafter the court had no jurisdiction to either extend the time of an unconditional acceptance of a reduction of the verdict or to receive plaintiff's acceptance of such reduction on November 7, 1945, at which time the granting of a new trial had already become absolute under the provisions of the order of September 26th.

Plaintiff argues that the granting of a new trial exhausts the jurisdiction of the trial court and that even though the order is conditional it is nevertheless a final determination on the part of the trial court which he cannot reopen and reconsider. Among the cases cited by the plaintiff is Gloria v. A Colonia Portuguesa, 128 Cal App 640, 18 P2d 87, to which the trial court referred in his comment at the hearing on November 7th. In that case it was held that where the trial court makes a conditional order

granting or denying a motion for a new trial the jurisdiction is exhausted and it thereafter has no power to change or modify the order except for inadvertance or mistake in the entry thereof. That case undoubtedly states the rule in California.. However, there is much authority to the contrary in other jurisdictions. See annotations in Ann Cas 1913B p 485, and Ann Cas 1917C p 1151. Regardless of the correctness of the rule stated in Gloria v. A Colonia Portuguesa (Cal) supra, it is clearly applicable only where the trial court has entered an order which purports to be the final act of the court in the premises. In this case the trial court did not enter such an order.

Section 28–1906, RC ND 1943, provides that:

"With all orders granting or refusing a new trial, the judge shall file a written memorandum concisely stating the different grounds on which his ruling was based, and unless the insufficiency or unsatisfactory nature of the evidence is expressly stated in such memorandum as a reason for granting the new trial, it shall be presumed, on appeal, that it was not on that ground."

The instrument which the court signed on September 26, 1945, was denominated a memorandum opinion. While the court did use the word "order" with reference to the conditional reduction of the verdict and contemplated that it be served upon plaintiff's attorney, it further provided that if the plaintff did not file a consent to the reduction within the time prescribed " . . . an order shall be entered vacating the judgment against said defendant, vacating and setting aside the verdict of the jury, and granting a new trial as against the defendant Landgrebe." Thus it clearly appears from the wording of this instrument that it was not intended as a final act of the court with respect to the matter under consideration.

The statute which we have quoted above contemplates both a memorandum and an order. We do not say that they may not be combined in one instrument but unless it clearly appears that the memorandum also includes an order as the final act of the trial court we will not ascribe to an instrument that purports to be a memorandum opinion the attributes of both a memoran-

dum and an order for a new trial. The instrument in question indicates that as the further and final act of the court in event the reduction be not accepted another order would be entered. Moreover the court stated that it contemplated that a formal order would be made in addition to the memorandum and that "it did not intend to fix a deadline by the use of the words 'fifteen days,' it was directive in its nature," and that the court so informed Mr. Bergesen, one of the attorneys for plaintiff. The intention of the trial court as indicated both by the wording of the memorandum and the court's statement at the hearing on November 7th, is persuasive. McLeod v. McMahon, 14 Cal App2d 565, 58 P2d 699.

We are here dealing with the power of a court of general jurisdiction. The decision of the trial court with respect to granting or refusing a new trial calls for the exercise of sound judicial discretion. Until that discretion has been fully and finally exercised through an order of court it retains jurisdiction. Appellant recognized that jurisdiction in making his last motion for a new trial which was heard on November 7th and in which he asked for an order granting a new trial because of the failure of the plaintiff to file a written consent to a reduction of the verdict. If the court's jurisdiction had already been exhausted the motion was wasted effort and any order made pursuant thereto would have been a nullity though the court's decision be in favor of the appellant. However, the court acted adversely to the interest of the appellant, denied his motion for a new trial, recognized the plaintiff's acceptance of the reduced verdict, and ordered judgment to be entered against the appellant for the reduced amount. The memorandum opinion and the directions therein contained had not exhausted the court's authority. It contemplated a further order of the trial court and until that order was made the court had power to do as it did. We, therefore, hold that the court had jurisdiction to deny defendant's motion for a new trial and order an amended judgment to be entered for the reduced amount.

The plaintiff, at the time the accident occurred, was riding, as a guest, in a truck owned and driven by the defendant

Stephens. The plaintiff was asleep in the sleeping compartment of the truck back of the driver's seat. He knows nothing of the events that immediately preceded the accident. The defendant Stephens was hauling a truck load of corn and proceeding in a westerly direction on Highway No. 10. The truck collided with an automobile being operated by the defendant Landgrebe who was proceeding in the opposite direction in a Chevrolet sedan. Both parties were traveling 30 or 40 miles per hour at the time of the accident. It was neither dark nor broad daylight. Neither vehicle had the lights turned on. The accident occurred on a curve in the highway around which the vision of neither driver was obstructed. The testimony of the two drivers is in direct conflict as to the point of collision with respect to the center of the highway. Each testifies positively that he was on the right side of the center line of the highway when the impact took place. The plaintiff is corroborated by the testimony of the then Sheriff of Barnes County, a member of the State Highway Patrol and a police officer of Valley City, who arrived at the scene shortly after the accident occurred and testified that skid marks and debris from the wreck were on the north side of the center line of the highway. On the other hand, the defendant Landgrebe is corroborated by a witness who was driving a pickup truck some 200 feet behind Landgrebe and saw the accident. This witness testifies that as the truck and car approached each other the truck was driving with its left wheels over the center line on Landgrebe's side of the highway and that the body of the truck extended over still further and that Landgrebe's car was proceeding some two or three feet south of this same center line.

The left front corner of the truck and the left front corner of the car collided. Whether the fenders or the bodies of the vehicles first came in contact is also a matter of dispute. It is undisputed that after the accident the car came to rest slightly east of the point of collision with the rear on the shoulder of the highway and the front end pointing in a northwesterly direction. After the collision the truck continued approximately 100 feet in a westerly direction then swung off the highway to the

right and upset in the ditch. The plaintiff was pinned beneath the cab of the truck and before he could be rescued acid from the battery ran over his left arm, resulting in first, second and third degree burns extending from the shoulder to a point below the elbow.

The sufficiency of the evidence to sustain the verdict is challenged by specifications of error as to the negligence of the appellant, the proximate cause of the accident and the amount of damage. There is a substantial conflict in credible evidence on all three points. These questions are primarily for the jury and in view of the substantial conflict presented by the evidence and the refusal of the trial court to grant a new trial this court will not disturb the judgment on the ground that the evidence is not sufficient to sustain it. The rule is well established in this court that the granting of a new trial on the ground of insufficiency of the evidence to sustain the verdict lies in the sound judicial discretion of the trial court when there is a substantial conflict in the evidence and in the absence of a showing of the abuse of such discretion the appellate court will not interfere. Haslam v. Babcock, 72 ND 581, 10 NW2d 239; Haslam v. Babcock, 71 ND 363, 1 NW2d 335; Burdick v. Mann, 60 ND 710, 236 NW 340, 82 ALR 1443; Ross v. Robertson, 12 ND 27, 94 NW 765; Delaloye v. Kaisershot, 72 ND 637, 10 NW2d 593.

The defendant Landgrebe argues that the verdict of the jury was excessive in amount and was given under the influence of passion and prejudice. He further urges that the amount of $5000 to which the verdict was reduced by the trial court is still excessive. A motion for a new trial upon this ground is nevertheless subject to the general rule that it is addressed to the sound judicial discretion of the trial court and its decision will not be disturbed unless an abuse of that discretion is clearly shown. Neugebauer v. Anstrom, 68 ND 684, 283 NW 74; Skaar v. Eppeland, 35 ND 116, 159 NW 707; Northwest Engineering Co. v. Gjellefald-Chapman Constr. Co. 57 ND 500, 222 NW 621; Baird v. Clooten, 60 ND 699, 236 NW 356; Olstad v. Stockgrowers Credit Corp. 66 ND 416, 266 NW 109; State use of Workmen's Comp. Fund v. Northwest Nursery Co. 66 ND 704, 268

NW 689; Mason v. Underwood, 49 ND 243, 191 NW 949; Burdick v. Mann, 60 ND 710, 236 NW 340, 82 ALR 1443, supra; Halverson v. Zimmerman, 56 ND 607, 218 NW 862; Reid v. Ehr, 36 ND 552, 162 NW 903; Wagoner v. Bodal, 37 ND 594, 164 NW 147.

The trial court's memorandum opinion deals extensively with plaintiff's injuries. While the court did not find that the verdict was given under the influence of passion and prejudice it stated that:

"From the foregoing testimony and the physical examinations before the court and jury, the court believes that plaintiff unduly magnified his pain and suffering after he was released from the Bismarck hospital, and that at the time of the trial he was suffering little, if any, pain resulting from the accident, and that he has no permanent disability resulting from the accident.

"On the entire record, the court thinks that an award of five thousand dollars would be adequate compensation for the damages resulting from the accident."

The court then denied the motion for judgment notwithstanding the verdict and also denied the motion for new trial through the procedure heretofore discussed and the verdict was reduced and judgment entered for $5000, interest and costs. The plaintiff accepted the reduction and makes no complaint of the court's action with respect thereto. The appellant, however, contends that the verdict was rendered under the influence of passion and prejudice and that the amount is still too high. We do not agree with this contention. The action thus taken by the trial court was clearly within his discretion in view of the conflicting state of the evidence as to the extent of plaintiff's injuries. No abuse of such discretion appears in the record with respect to his refusal to grant a new trial.

There was clearly no error in denying the motion for judgment notwithstanding the verdict. On review of the trial court's action with respect to such motion, this court must construe the evidence most strongly against the party who seeks to have a judgment entered notwithstanding the verdict. The evidence must be considered in the light most favorable to the verdict. Enderlien v. Kulaas, 25 ND 385, 141 NW 511; McDonnell v. Mon-

teith, 59 ND 750, 231 NW 854; Armstrong v. McDonald, 72 ND
28, 4 NW2d 191; Leonard v. North Dakota Co-op. Wool Market-
ing Asso. 72 ND 310, 6 NW2d 576; Smith v. Nortz Lumber Co.
72 ND 353, 7 NW2d 435.

The appellant Landgrebe strenuously presents a challenge to
the correctness of the following instruction which the court gave
the jury. In stating what purported to be the law of the road,
the court said:

"It shall be prima facie lawful for the driver of a vehicle to
drive the same upon a highway at a speed not exceeding fifty
miles an hour, and when driving around a curve at a speed not
exceeding twenty miles per hour, but in any case when such
speed would be unsafe, it shall not be lawful."

The appellant argues that this instruction is a misstatement of
the statute relating to the operation of vehicles upon public
highways and restricting the speed thereof. This statute is Ch
158, Sess Laws ND 1931 (§§ 39–0901, 39–0902, 39–0903, RC ND
1943). The pertinent portions provide that it shall be prima
facie lawful for the driver of a vehicle to drive the same at a
speed not exceeding "Twenty miles an hour in traversing or go-
ing around curves or traversing a grade upon a highway *when the
driver's view is obstructed within a distance of one hundred feet
along such highway in the direction in which he is proceeding;*".
(Italics supplied.) § 39–0902, ¶ 4, RC ND 1943. The general law-
ful speed is fixed at not exceeding fifty miles an hour where other
conditions are not prescribed. The statute also provides that it
shall be prima facie unlawful for any person to exceed
any of the speed limitations provided therein. The appellant
argues that the statute does not make it unlawful to exceed
twenty miles an hour in going around a curve unless the driver's
view is obstructed within a distance of one hundred feet along
the highway in the direction in which the driver is proceeding,
while the instruction lays down the flat restriction of twenty
miles an hour in going around a curve without reference to ob-
structed vision.

An instruction purporting to set forth the substance of statu-
tory provisions should be accurate and complete insofar as it is

applicable to the facts which the evidence tends to prove. The evidence in this case shows that the appellant, at the time the accident occurred, was going around an unobstructed curve at a speed of about thirty miles an hour. If the limitation with respect to obstructed view applies to curves the instruction was erroneous. If it applies only to the traversing of a grade upon a highway the instruction was correct and complete.

A generally accepted rule in aid of the construction of statutes is that a limiting phrase or clause is to be restrained to the last antecedent unless the subject matter or context indicates a different legislative intent. Puget Sound Electric R. Co. v. Benson (CCA 9th) 253 F 710; State v. Scaffer, 95 Minn 311, 104 NW 139; Los Angeles County v. Graves, 210 Cal 21, 290 P 444; Re Goldsworthy, 45 NM 406, 115 P2d 627, 148 ALR 722; Crawford, Statutory Construction, § 193.

The paragraph of the statute quoted above deals with two separate propositions with respect to speed. The first is "in traversing or going around curves." The second is "traversing a grade upon a highway when the driver's view is obstructed within a distance of one hundred feet along such highway in the direction in which he is proceeding." Under the rule of the "last antecedent" the qualification with respect to obstructed view has no application to traversing or going around curves. This construction is further strengthened by the significant reference to "such highway" in the last clause of the statute in question. It indicates an intention on the part of the legislature to apply the limitation of obstructed view to the traversing of a grade. The word "highway" is not used in connection with traversing or going around curves. The statute provides that it is prima facie lawful to drive around a curve upon a highway at twenty miles per hour. That is what the court told the jury. His instruction is not erroneous.

The witness Stowman, who was Sheriff of Barnes County at the time of the accident, testified for the plaintiff. He received a call advising him of the accident at about 9:15 and went immediately to the scene. He testified regarding the width and condition of the highway, the position of the car and truck as

he found them, the location of tire marks, dirt, glass and other debris resulting from the wreck, and the condition of the vehicles with respect to damage and marks thereon. He also testified that shortly after the accident he made a sketch accompanied by a written record showing the facts surrounding the accident as he found them. This sketch was left in the sheriff's office when it was vacated by the witness about January 1, 1943, and was destroyed by the incoming sheriff. Plaintiff's counsel then asked the witness to draw a sketch while on the witness stand depicting as nearly as he could from memory and recollection the situation as he found it when he visited the scene of the accident. This the witness did. He apparently exceeded his instructions and inserted in the sketch the position of the vehicles just before and at the time of the accident and indicated thereon "point of impact." These were obviously his own conclusions as to what had happened and not what he actually saw when he arrived at the scene. This sketch was offered in evidence as Exhibit 3. Appellant's counsel objected to it "as mostly hearsay, as not drawn to scale, and as immaterial, only an opinion of the witness." In opposition to this objection plaintiff's counsel said,

"As a matter of it being drawn to scale, it is not offered for the purpose of being an accurate sketch. As to the matter of the other elements in the case, for the most part they are what the witness actually saw out there, and as to a conclusion as to the position of the cars on the highway, it is from—as a conclusion from what he saw on the highway, the marks and circumstances about them, and his conclusion, or opinion as to the point of contact, that is all that it is offered for."

The witness then stated that the sketch, Exhibit 3, conformed substantially to the other sketch that he had made and filed in the sheriff's office. The court overruled the objection and admitted the exhibit.

A sketch or diagram such as that made by the witness when confined to what he actually saw when he visited the scene of the accident shortly thereafter which tends to visualize and explain the witness's testimony concerning the scene of the accident is

admissible. 20 Am Jur 616, Evidence, § 739; Blashfield, Cyclopedia of Automobile Law & Practice, Perm ed, §§ 6331–6333; 32 CJS, Evidence § 730; Kleinschmidt v. Scribner, 54 Idaho 185, 30 P2d 362; Baker v. Zimmerman, 179 Iowa 272, 161 NW 479; Patterson v. State, 128 Fla 539, 175 So 730; Collins v. Leahy (Mo App) 102 SW2d 801; Jackson-Strickland Transp. Co. v. Seyler (Tex Civ App) 123 SW2d 928.

The case last cited involves a collision between a truck and an automobile. A witness made a map purporting to show physical facts as they appeared to him immediately after the accident. In holding that the admission of the map in evidence after proper identification and foundation was not error, the court said:

"Let it be observed that nothing had been said by this witness concerning the map purporting to show where the truck was at the time of the accident. This witness had made no attempt to state or say where on the highway or on this map the collision occurred. And there was no testimony indicating that the map was made by the witness a week after the accident and a week after the witness had gone out to the scene of the accident. This witness had testified to nothing on the map excepting the physical facts found by him, when he reached the scene, very shortly after the accident. He had testified to nothing concerning the course taken by the truck or the marks made by the wheels of the truck. . . .

"There can be no question about the right of a witness to make and the right of a litigant to introduce in evidence a plat purporting to show the physical facts as they appeared to a witness who arrives on the scene, immediately after the happening of an event, and which plat purports to illustrate the testimony the witness gives and to make same more easily understood."

It is apparent from an examination of the exhibit as well as from the statement of plaintiff's counsel at the time of its introduction that the sketch in question exceeded the limits prescribed by the general rule of admissibility of such documents in that it contained not only what the sheriff saw when he

arrived at the scene of the accident but contained also his conclusions with respect to highly controversial and important matters. He depicted thereon the relative positions of the motor vehicles as they approached each other and indicated by diagram and legend the point of impact. The determination of these matters was exclusively within the province of the jury and it was error for the court to permit the former sheriff's conclusions with respect thereto to be submitted to the jury in the highly impressive form of a diagram. The erroneous admission of evidence does not require a reversal of the judgment unless the error is prejudicial. In this case the prejudicial effect of the sketch, Exhibit 3, was mitigated by the appellant's subsequent introduction of another and similar sketch during the course of the cross-examination of the witness Stowman.

Appellant's counsel had Stowman identify Exhibit A which was a printed form and sketch filled out and amplified by the witness and mailed to the appellant or his counsel on or about August 7, 1942. The witness identified it as being a copy of the lost sketch and report of the accident that he had filed in the sheriff's office. It was offered generally and with no limitation as to purpose. The sketch and report, Exhibit A, corroborates Exhibit 3 with respect to the objectionable conclusions appearing on the latter. On Exhibit A the truck is indicated by rectangles in which appears the figure 1. The Chevrolet car is indicated by rectangles in which appears the figure 2. It shows the car colliding with the truck on the north side of the highway and also shows the car and truck in positions approaching the point of impact in much the same manner as they are indicated on Exhibit 3. In describing what happened the witness had written in a blank space on the form which was part of Exhibit A "Car No. 2 appeared failed to make the curve and ran into front left side of truck causing it to become out of control sending it into the ditch." On another portion of the form where spaces are provided for indicating violations, there appear check marks showing that vehicle no. 2 "Did not have right of way" and was "On the wrong side of road." Obviously these matters were

conclusions of the former sheriff. They are, in substance, the same conclusions that he indicated on the exhibit to which the appellant objects.

The erroneous admission of evidence does not constitute reversible error unless it is prejudicial. Zilke v. Johnson, 22 ND 75, 132 NW 640, Ann Cas 1913E 1005; McGregor v. Harm, 19 ND 599, 125 NW 885, 30 LRA(NS) 649; State use of Hart-Parr Co. v. Robb-Lawrence Co. 17 ND 257, 115 NW 846, 16 LRA(NS) 227; Kelly v. Pierce, 16 ND 234, 112 NW 995, 12 LRA(NS) 180; Bristol & S. Co. v. Skapple & Montgomery, 17 ND 271, 115 NW 841. In view of the introduction of Exhibit A by the appellant he is not in a position to successfully press for reversal on the ground that the error in admitting Exhibit 3 was prejudicial. 5 CJS, Appeal and Error, § 1724(3).

The defendant Stephens alleged in his answer that at the time of the accident the plaintiff was his guest. The court instructed the jury that if the defendant sustained the burden of proof with respect to his being a guest that it would be the duty of the jury to render a verdict in favor of Stephens for the dismissal of the action as to him for the reason that the plaintiff had not pleaded and there was no testimony tending to prove any intoxication, willful misconduct or gross negligence on the part of Stephens.

Under the provisions of Ch 184, Sess Laws ND 1931 (Ch 39-15, RC ND 1943) a guest in a vehicle moving upon a public highway has no right of recovery against the owner, driver or person responsible for the operation of such vehicle for injuries sustained while riding as such guest, unless they proximately result from the intoxication, willful misconduct or gross negligence of the owner, driver or person responsible for the operation of the vehicle. Rubbelke v. Jacobsen, 66 ND 720, 268 NW 675.

The appellant complains of the court's instruction as being too favorable to the defendant Stephens in that it practically advised the jury to find in his favor. The appellant contends that the question of whether Stephens was grossly negligent should have been left to the jury. If the appellant's contention is correct as to the instruction being erroneous it was an error committed against the plaintiff who was seeking to recover dam-

ages from both Stephens and the appellant. The plaintiff makes no complaint. He is satisfied with the outcome of the trial and contends that the appellant cannot avail himself of an error which results from an instruction that is too favorable to the appellant's co-defendant.

North Dakota has no statute with respect to the right of contribution between joint tort-feasors. This court has not decided whether the right of contribution exists in the absence of statute. There is diversity of opinion among the courts as to whether the right of contribution exists between parties whose concurring negligence has caused injury to another. 13 Am Jur 44, Contribution, § 48; 18 CJS, Contribution, § 11(3). We need not decide that question here. It may properly be left for determination in a case where it is directly involved and after we have had the benefit of briefs and arguments of counsel. If such right of contribution does not exist it is clear that the appellant cannot complain of an erroneous instruction favoring his co-defendant. Blackwell v. American Film Co. 189 Cal 689, 209 P 999; Crabbe v. Rhoades, 101 Cal App 503, 282 P 10; Lewis v. Beckard, 118 Neb 533, 225 NW 462; Tufty v. Sioux Transit Co. 69 SD 368, 7 NW2d 619.

In Minnesota concurrent negligence may be made the basis of contribution between parties whose negligence results in injury to a third person. Underwriters at Lloyds v. Smith, 166 Minn 388, 208 NW 13. The Supreme Court of Wisconsin expressed a similar view in Ellis v. Chicago & N. W. R. Co. 167 Wis 392, 167 NW 1048, 19 NCCA 142. In both of these states, however, it was held that in cases involving concurrent negligence but no moral turpitude a verdict in favor of one of two defendants is not res adjudicata as between them. Merrill v. St. Paul City R. Co. 170 Minn 332, 212 NW 533; Erickson v. Northland Transp. Co. 181 Minn 406, 232 NW 715; McGillivray v. Great Northern R. Co. 145 Minn 51, 176 NW 200; Bakula v. Schwab, 167 Wis 546, 168 NW 378.

Warren v. Boston & M. R. Co. 163 Mass 484, 40 NE 895, involved a suit for personal injury against two railroad com-

panies. The court after the evidence was all in directed a verdict in favor of the New York, New Haven & Hartford Railroad Company and submitted to the jury the case against the Boston & Maine Railroad. A verdict was returned for the plaintiff. We quote from the opinion:

"The first exception is to the ruling of the court directing a verdict in favor of the New York, New Haven & Hartford Railroad Company. We do not think that this ruling is open to exception on the part of the Boston & Maine Railroad. No question of liability of one of these railroad companies to the other was being tried, and no issue of this kind was raised by the pleadings, or was before the court. The two defendants were not adverse parties. If both companies were liable to the plaintiff, he could have sued both or either separately, and neither could have complained. If there should be a judgment on the verdict in favor of the New York, New Haven & Hartford Railroad Company, this could not be pleaded as res adjudicata in a suit by the Boston & Maine Railroad against that company for contribution, if the Boston & Maine Railroad is compelled to pay the judgment entered on the verdict against it. We, of course, express no opinion whether a suit for contribution lies between joint tort-feasors in such a case as this."

The appellant cannot predicate error upon the ground of misinstruction too favorable to his co-defendant Stephens. The error, if any, was against the plaintiff. He does not complain. The appellant cannot force the plaintiff to relitigate the case with Stephens as well as with appellant for error not committed against the appellant.

The record discloses no error prejudicial to the appellant. The judgment is, therefore, affirmed.

CHRISTIANSON, Ch J. and BURKE, NUESSLE and BURR, JJ., concur.