George D. CROSSEN, as Special Administrator of the Estate of Felix D. Crossen, Deceased, Plaintiff and Respondent,

v.

David ROGNLIE, Defendant and Appellant.

No. 7474.

Supreme Court of North Dakota.

Jan. 13, 1955.

Degnan, Hager, McElroy & Lamb, Grand Forks, for appellant.

Day, Stokes, Vaaler & Gillig, Grand Forks, for respondent.

GRIMSON, Judge.

The defendant appeals from an order granting a new trial. The action is one for damages brought by the special administrator of the Felix D. Crossen estate. The complaint alleges that Felix D. Crossen was injured on the 4th day of November 1953; that he was then walking north across Division Avenue in the City of Grand Forks, North Dakota, at the regular pedestrian crossing; that the defendant, David Rognlie, was driving his father's family car south along Fifth Street and in making a left turn to go east on Division Avenue struck the decedent down; that from the injuries so received the decedent, Felix D. Crossen, died on December 29, 1953; that the collision was caused by the negligence of the defendant. Defendant answers, admitting that an accident happened at the time and place alleged in plaintiff's complaint but denies any negligence on his part and sets up as an affirmative defense the contributory negligence of the decedent. The case was tried to a jury who found for the defendant, dismissing the action. The plaintiff moved for a new trial which was granted by the district court. From the order granting the new trial this appeal is taken.

The plaintiff alleges as grounds for a new trial

## I.

"That the evidence of said action is insufficient to justify the verdict in favor of the Defendant and against the Plaintiff for dismissal of the action.

## II.

"That the verdict is contrary to the evidence and the laws of the State of North Dakota, and is of such a character as to be properly set aside as a matter of the court's discretion."

A third ground alleged an error in the instructions to the jury, but was abandoned on this appeal and will not be considered. Clark v. Josephson, N.D., 66 N.W.2d 539, and cases cited.

The evidence shows that on the evening of November 4, 1953, the defendant, David Rognlie, was driving his father's family car; that he and his friend, Donald Knutson, both University students, had taken defendant's sister, Kay, and her roommate, Judy Bateman, student nurses at the Deaconess Hospital, out for lunch. At the time the defendant was 18 years of age and the rest of the young people were of similar ages. They were returning from the lunch at about 10 o'clock P. M. They came south on Fifth Street, Grand Forks, to the intersection where Division Avenue branches off Fifth Street towards the east. When driving in the last block before that intersection they heard an ambulance siren, slowed down and drove towards the berm on their right. Then they decided the ambulance wasn't approaching them and continued. On approaching the intersection the defendant turned his signal lights on, signalling a turn to the left. He, however, at no time sounded his horn. At the same time Felix D. Crossen came from the south walking north on the east sidewalk of Fifth Street and started to cross Division Avenue at the regular pedestrian crossing on the east side of the intersection. He was 78 years of age, wearing a dark brown overcoat with an upturned collar.

The paving on both Fifth Street and Division Avenue is 50 feet wide. The paved portion of the intersection, therefore, is 50 feet square. On the berm at the southwest corner of this square is a power pole with an overhead arm extending approximately 21 feet out into the intersection on which was a light such as was used in the residential portion of Grand Forks. That light was almost over the center of the intersection. The defendant and his witnesses said the light was poor. The policemen, however, said the intersection was lit up fairly well. They made all their investigation by that light without use of any artificial light.

The defendant entered the intersection driving between 10 and 15 miles an hour. His lights were good. As he turned to his left onto the south side of Division Avenue he suddenly saw the deceased two or three feet ahead of him. The decedent at that time had almost reached the center line of Division Avenue, about 21 or 22 feet north of the south edge of the pavement on Division Avenue. The defendant says: "We were just making the turn and all of a sudden Mr. Crossen was right in front of us. The lights swung around and all of a sudden he was there." Donald Knutson said: "We followed his lights—all of a sudden there as though he had come right up out of the ground or something I saw a man." Both defendant and Knutson testified decedent, unaware of their approach, was walking north, carrying a package "in his left arm." The defendant put on his brakes and stopped in about eight feet. His left light was broken. The decedent was somehow carried or pushed ahead so that after the car stopped he was lying in an easterly direction with his feet about a foot in front of the car and his head towards the east. Decedent's head and left side were badly injured. The boys immediately secured a stretcher and took the decedent to the nearby Deaconess Hospital where he remained till his death December 29, 1953.

■ A new trial on the application of the party aggrieved may be granted on the ground of the insufficiency of the evidence

to justify the verdict or that it is against the law. Section 28–1902, subdivision 6, NDRC 1943. It has been repeatedly held by this court that the question of whether a new trial should be granted because of the insufficiency of the evidence is within the sound discretion of the trial court. Pengilly v. J. I. Case Threshing Machine Co., 11 N.D. 249, 91 N.W. 63, 12 Am.Neg.Rep. 619; Froh v. Hein, 76 N.D. 710, 39 N.W.2d 11; Haslam v. Babcock, 71 N.D. 363, 366, 1 N.W.2d 335; Burdick v. Mann, 60 N.D. 710, 236 N.W. 340, 82 A.L.R. 1443; Baird v. Clooten, 60 N.D. 699, 236 N.W. 356; Martin v. Parkins, 55 N.D. 339, 213 N.W. 574; Kohler v. Stephens, 74 N.D. 655, 24 N.W.2d 64.

■ The district court may grant a motion for a new trial when there is substantial conflict in the evidence if in its discretion it finds that the evidence does not justify the verdict. Ross v. Robertson, 12 N.D. 27, 94 N.W. 765; Haslem v. Babcock, 71 N.D. 363, 366, 1 N.W.2d 335.

■■ When the court has granted a new trial this court will not disturb such decision if the evidence shows that the trial court exercised legal discretion in the matter. The only question in such cases for the appellate court to consider is whether or not the trial court abused its discretion. If not, its decision will not be disturbed. Baird v. Clooten, 60 N.D. 699, 236 N.W. 356; Pengilly v. J. I. Case Threshing Machine Co., 11 N.D. 249, 91 N.W. 63, 12 Am.Neg. Rep. 619; Ross v. Robertson, 12 N.D. 27, 94 N.W. 765; Johnson v. Patterson, 67 N.D. 132, 270 N.W. 97; Krueger v. North American Creameries, 75 N.D. 264, 27 N.W. 2d 240; Kohler v. Stephens, 74 N.D. 655, 24 N.W.2d 64; Martin v. Parkins, 55 N.D. 339, 213 N.W. 574; Baird v. Unterseher, 57 N.D. 885, 224 N.W. 306; State v. Hummel, 73 N.D. 308, 14 N.W.2d 368.

■ The discretion of the trial court should be exercised in all cases in the interest of justice and where it appears to the judge that the verdict is against the weight of the evidence it is his duty to set it aside. State v. Weber, 49 N.D. 325, 191 N.W. 610; Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228; Clark v. Great Northern R. Co., 37 Wash. 537, 79 P. 1108; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350; Durick v. Winters, 70 N.D. 592, 296 N.W. 744.

■ To reverse an order granting a new trial because of the insufficiency of the evidence, this court must be convinced that there are strong and cogent reasons for concluding that the trial court was not exercising legal discretion in weighing the evidence. Durick v. Winters, 70 N.D. 592, 296 N.W. 744; Martin v. Parkins, 55 N.D. 339, 346, 213 N.W. 574; Butler v. Aetna Ins. Co., 64 N.D. 764, 256 N.W. 214.

■ Orders granting new trials stand on a firmer foundation in an appellate court than orders denying them. Gull River Lumber Co. v. Osborne McMillan Elevator Co., 6 N.D. 276, 69 N.W. 691; Pengilly v. J. I. Case Threshing Machine Co., 11 N.D. 249, 91 N.W. 63, 12 Am.Neg. Rep. 619; Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228; Martin v. Parkins, 55 N.D. 339, 346, 213 N.W. 574.

The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation of the entire case upon its facts and merits. Pengilly v. J. I. Case Threshing Machine Co., 11 N.D. 249, 91 N.W. 63, 12 Am.Neg.Rep. 619; Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228.

■ Upon a motion for a new trial, a margin of discretion is vested in the trial court which permits it, with a view to promoting the ends of justice, to weigh the evidence, and within certain limitations, act upon its own judgment with reference to the weight and credibility thereof. Martin v. Parkins, 55 N.D. 339, 346, 213 N.W. 574.

■ What is sound discretion has been defined by the courts. In Russell v. Foley.

278 Mass. 145, 179 N.E. 619, 621, the court says:

"Sound judicial discretion implies calmness, conscience, courage, impartiality, wisdom and discernment of the just result."

See also Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., D.C., 83 F.Supp. 646, 654; Nation v. Savely, 127 Okl. 117, 260 P. 32.

 This discretion, however, must be exercised by the trial court with caution, consideration and calm judgment.

" 'But discretion when applied to a court of justice means sound discretion guided by law. It must be governed by rule, not by humor: it must not be arbitrary, vague, and fanciful, but legal and regular.' " Rex v. Wilkes, 4 Burr. 2527, 98 Eng.Reprint 327. This is quoted with approval in Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228, 230. In that case also Clifford v. Denver, S. P. & P. R. Co., 12 Colo. 125, 20 P. 333, 335, is quoted to the effect that discretion is based " 'on the theory that the judge who tries a case, having the parties, their witnesses and counsel before him, with opportunity to observe their demeanor and conduct during the trial, and to note all incidents occurring during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had, and substantial justice done, than the appellate tribunal.' "

The defendant admits the trial court has the discretion to grant a new trial but contends that in the instant case the court abused that discretion. Whether it did or not is the only question for us to determine.

The district judge filed a memorandum decision as required by Section 28–1906, NDRC 1943. That memorandum reflects his knowledge of the law and his powers, duties and responsibilities in regard to granting a new trial. After the discussion of the legal questions and a review of the evidence, he concludes:

"Entertaining the view that I do with reference to the injustice of the jury's

verdict and that it is contrary to the weight of the evidence, and taking into consideration the legal authorities applicable to such a situation, my conscience gives me no option except to grant the motion for a new trial."

 The substance of the evidence has been heretofore set forth in this opinion. This evidence is conflicting. It reasonably permits some inferences favorable to the plaintiff and others favorable to the defendant. In addition to what is shown by the record on appeal the trial court had before him all the incidents and happenings in the courtroom during the progress of the trial. There is nothing in the record to indicate that the trial judge's conclusion that the preponderance was in favor of the plaintiff was unreasonable or arbitrary. It is clear, therefore, that there was no abuse of his legal discretion.

The order of the district court is affirmed.

BURKE, C. J., and MORRIS, SATHRE and NELS G. JOHNSON, JJ., concur.